IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BUDDY DELONG et al.,

                Plaintiffs,

    v.                                                    CIV-11-0226-GBW-LAM

COUNTY OF EDDY et al.,

                Defendants.


**ORDER DISMISSING FEDERAL CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING STATE CLAIMS TO STATE COURT**

**THIS MATTER** comes before the Court on the parties' responses to the Court's *sua sponte* Order for Additional Briefing. *Doc. 28*. The Court's Order issued after the briefing was complete on Defendants' Motion and Memorandum in Support of Motion for Summary Judgment on Plaintiffs' Substantive Due Process and Takings Claims. *Docs. 13, 14*. In the Order, the Court expressed its concern that it lacked subject matter jurisdiction over Plaintiffs' federal claims. *See doc. 28*. Having reviewed the pleadings, and relevant case law, the Court hereby dismisses Plaintiffs' federal claims without prejudice and remands Plaintiffs' state claims.

I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs own real property in Eddy County, New Mexico. *Doc. 2*, Ex. A at 2, 3.

In the past, Plaintiffs entered and exited this property through Airport Road. *Id.* at 6. In late 2009, Defendants erected a fence which prevented them from using Airport Road to enter and leave their property. *Id.* According to Plaintiffs, Defendants built the fence without giving Plaintiffs advance notice or holding a hearing. *Doc. 2*, Ex. A at 6.

Plaintiffs filed suit against Defendants on February 23, 2011, in the Fifth Judicial District Court, County of Eddy, State of New Mexico. *Doc 1.* Plaintiffs' complaint, while styled as two counts, raises four potentially independent claims. *Doc. 2*, Ex. A. First, Plaintiffs' allege a violation of the substantive due process clause of the United States Constitution and seek compensation under Title 42 U.S.C. § 1983. *Id.* Next, Plaintiffs allege a violation of the takings clause of the Fifth Amendment to the United States Constitution and seek compensation under Title 42 U.S.C. § 1983. *Id.* Plaintiffs' also bring claims under New Mexico's Constitution and its inverse condemnation law. *Id.* Defendants removed the suit asserting "federal question" jurisdiction due to the federal constitutional claims. *Doc. 1.*

II.     STANDARD AND APPLICABLE LAW

   *Sua Sponte* **Dismissal for Lack of Subject Matter Jurisdiction**

"The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence." *Lindstrom v. U.S.*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, (1936)).

Furthermore, "[i]t has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Id.* (quoting *Tafoya v. U.S. Dep't of Justice, Law Enforcement Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir.1984).

Jurisdiction requires ripeness. *See e.g., Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1115 -1116 (10th Cir. 2008) ("In order for a claim to be justiciable under Article III, it must present a live controversy, ripe for determination . . .").

Under Federal Rule of Civil Procedure 12(h)(3), "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

### III.   ANALYSIS

####   A.   The Court Does Not Have Subject Matter Jurisdiction to Hear Plaintiffs' Takings Claim

This Court cannot adjudicate the Fifth Amendment takings claim because this claim is not ripe for review. "In those states that allow aggrieved property owners to bring an inverse condemnation action in order to recover compensation for property taken by the state, a Fifth Amendment takings claim is not ripe until the aggrieved property owner has used the procedure **and been denied** just compensation." *Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir. 1991) (internal quotation marks and

citation omitted) (emphasis added). It is undisputed that New Mexico allows for inverse condemnation actions. *See* NMSA § 42A-1-29. It is also undisputed that, although Plaintiffs brought an inverse condemnation action in state court, the case was removed before there was a denial of compensation. Therefore, the Plaintiffs' Fifth Amendment takings claim is not ripe for review. Accordingly, this claim will be dismissed without prejudice.

> **B.   Because Plaintiffs' Substantive Due Process Claim is Subsumed by the Fifth Amendment Takings Claim, It Must Be Dismissed along with that Claim.**

In support of their Substantive Due Process Claim, Plaintiff assert the following:

> Plaintiffs possess property interest in the form of an egress and ingress to their property, which existed pursuant to state law. Plaintiffs also possess the right under New Mexico law to use their property for lawful purposes which right cannot be restricted from arbitrary and discriminatory reasons by Defendants' actions. Defendants deprived Plaintiffs of their full use and enjoyment of their property by building a fence restricting access to their property. Defendants deprived Plaintiffs of full use and enjoyment of their property by arbitrarily and capriciously continuing to block access to their property, forcing Plaintiffs to use a bar ditch to access their property.

*Doc. 2*, Ex. A at 7. This claim alleges that Plaintiffs were denied a property right without due process and the loss of that property interest is the same loss upon which the Plaintiffs' takings claim is based. *See Rocky Mountain Materials & Asphalt, Inc. v. Bd. Of County Comm'rs of El Paso County*, 972 F.2d 309, 311 (10th Cir. 1992). In such a

circumstance, "[i]t is appropriate . . . to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the 'Just Compensation Clause." *Id*. (*quoting Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir. 1991). Therefore, a plaintiff bringing the more generalized claim must utilize the remedies applicable to the takings claim. *Id*.; *see also Stop the Beach Renourishment, Inc. v. Florida Dept. of Environmental Protection*, 130 S.Ct. 2592, 2606 (2010); *Albright v. Oliver*, 510 U.S. 266, 273, (1994). Accordingly, Plaintiffs' generalized due process claim suffers from the same ripeness defect as their takings claim – they have not yet been denied compensation in the inverse condemnation action.[1] Therefore, this claim will be dismissed without prejudice.

### C. The Court Remands Plaintiffs' State Claims to State Court

Having disposed of Plaintiffs' federal claims, the Court is left with the claim for relief on state law grounds. A federal court may decline to exercise jurisdiction over state court claims where all federal claims are eliminated prior to trial. *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1118 (10th Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

---

[1] The Court also notes that, in the Supplemental Briefing, Plaintiffs do not argue that their due process claim should be considered ripe even if the takings claim is not. *See doc. 29*. Instead, Plaintiffs argue only that the takings claim is ripe because they filed the inverse condemnation action. *Id*. As described above, however, the inverse condemnation action must be seen through to completion before the takings claim

5

under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 357 (1988)). Furthermore, a federal court may remand such a case to state court. *Cohill,* 484 U.S. at 357. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *See also Lohman Properties, LLC v. City of Las Cruces*, No. Civ. 08-0875, 2008 WL 5999791, *2-3 (D.N.M., Dec, 8, 2008).

  In this case, all federal claims have been eliminated prior to trial because federal law requires the completion of the state inverse condemnation action. As such, it is clear that the state inverse condemnation action, along with the state constitutional claims to the extent that they are distinct claims, should be remanded to the state court from which they were removed.

---

becomes ripe. *See Miller*, 945 F.2d at 352.

## V.     CONCLUSION

Plaintiffs' federal substantive due process and takings claims are hereby dismissed without prejudice for lack of jurisdiction.  Plaintiffs' state law claims are hereby remanded to state court.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent